THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EDUARDO E. JUARBE DE LA ROSA and HÉCTOR JUARBE DE LA ROSA, Defendants and Appellants.

No. CR-66-307.    Decided February 21, 1968.

---

Santos P. Amadeo for appellants. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Deputy Solicitor General,* for The People.

## JUDGMENT

At the arraignment defendants-appellants pleaded not guilty and asked to be tried by jury.

The day of the commencement of the hearing, the transcript of the record shows:

"JUDGE:

We know of the experience and it is generally known that judicial notice may be taken of the experience and ability of the distinguished colleague and he would not need much time to prepare for trial. We believe that we might hear that case at 2:00 p.m.

MR. QUIÑONES ELIAS:

We are willing to hear the physician and the prosecutrix in the case and then we may proceed with the case. Your honor, may I remain in the courtroom and cross-examine?

JUDGE:

Of course.

The case is to be heard by a jury and by the court?

MR. CALERO JUARBE:

By the court without a jury.

JUDGE:

Did the three of you hear that the case is to be tried by the court without a jury?

You want it to be tried by the court without a jury?

(Defendants answer yes.)

JUDGE:

It shall be tried by the court without a jury."

In judgment of May 19, 1966, *People* v. *Abreu,* CR 65-411, we reversed in a case in which the record did not show the manner in which the right to a trial by jury had been waived.

It was alleged therein that it had not been waived personally. As a general rule, we expressed ourselves thus: "Judges should take care that the record clearly shows that the waiver of the right to a trial by jury be personally made by the defendant, *after warning him of the meaning thereof.*" (Italics ours.)

In *People* v. *Carmona Rodríguez*, 90 P.R.R. 436, 437 (1964), in which case an attorney could waive the trial by jury in appellant's name, at least the judge asked the defendant personally whether such waiver was made *voluntarily.*

In *People* v. *Díaz*, 87 P.R.R. 656, 661 (1963), we stated that "Where a defendant requests to be tried by a jury, based on his constitutional right to do so, *the waiver of such right should be made by defendant spontaneously or voluntarily.*" (Italics ours.)

In judgment of November 18, 1963, *People* v. *Túa*, 89 P.R.R. 415 (1963), we held that where the record discloses that the defendant *understood* the consequences of waiving trial by jury . . . he could not allege later that the trial court did not exercise its function of giving credit to the witnesses when the case was submitted on another record.

In *People* v. *Cabán Rosa*, 92 P.R.R. 844 (1965), we reaffirmed the former views in saying that "The fundamental thing is that the waiver be done voluntarily and intelligently."

█ Aside from the specific occasions mentioned, although a constitutional right may be waived, the doctrine of general acceptance requires that such waiver be made intelligently, or conscious of what the waiver implies in its consequences.

█ The record of this case does not contain any element to allow the trial court to determine by itself whether there was intelligence, spontaneity, wilfullness, and understanding in defendants' attitude in waiving the jury. The court did not make any effort to bring those elements to the record and

this could be accomplished by giving defendants the necessary explanations and warnings about the meaning of their acts and the consequences.

The judgment of this Court of December 15, 1966, is set aside on reconsideration; the judgments rendered by the Aguadilla Part of the Superior Court on May 18, 1966, are reversed and appellants are granted a new trial.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*

—O—

Separate opinion of MR. JUSTICE SANTANA BECERRA, concurring.

San Juan, Puerto Rico, February 21, 1968

Aside from the fact that the better rule of law according to our own doctrine requires that the original judgment be reconsidered, a study of the statistics convinces me even more of the imperative need that the judges be extremely careful in scrutinizing the circumstances concerning the waiver of the trial by jury, as well as the waiver of an adversary suit.

The right to a trial by jury in cases of felony was decreed by the People in the Constitution of 1952. Later, for its greater effectiveness, Rule 111 of the Rules of Criminal Procedure overruled the former rulings which allowed the waiver of this right by the action of the attorney, notwithstanding the constitutional character of the guarantee.

In the period comprised between 1956–57 and 1966–67, excluding the year 1961–62, 22,830 cases of felony and involuntary manslaughter with the right to trial by jury were decided by prosecution and hearing.[1] Of this total, 8,083 or 35% (.349) were decided by jury verdict. Sixty-five percent by the court without a jury. In the years 1957–58 and 1958–59, the percent of verdicts was less than the average, 33%. The 40% in the year 1966–67 has been the highest. In 1961–62, 854 cases out of 3,380 cases of felony and involuntary manslaughter were decided by jury.[2]

The waiver of the right to trial by jury may be in a particular situation or under particular circumstances of a case, a fact which forms part of the strategy of defense, intelligently conceived.

The experience accumulated presents, however, a picture of almost routinary waivers of the jury trial, and in situations, in most cases, in which either because of the nature of the offense charged or because of the attendant circumstances, there would never be a better opportunity of acquittal by the court without a jury than by a jury which, acting as a court of the People, passing judgment on a fellow creature, has the means of expediency to do justice—even without violating the course of conduct governing it—which is barred to the judge who presides the trial.[3]

---

[1] Cases of misdemeanors which, there being concurrence of jurisdiction, were originally conducted before the Superior Court, are not included. Rule 111 of the Rules of Criminal Procedure of 1963; § 178 of the Code of Criminal Procedure of 1902.

[2] It is impossible to obtain an exact breakdown of the verdicts of guilty in this number of 3,380 cases, but everything indicates that for this year the percent of verdicts was not greater than the average.

Statistics of the Office of Court Administration.

[3] These concepts of John H. Wigmore, published in 1929, recently reproduced in Judicature, Oct. 1967, express the idea with more precision:

"Law and justice are from time to time inevitably in conflict. That is because law is a general rule (even the stated exceptions to the rules are general exceptions) ; while justice is the fairness of this precise case under all its circumstances. . . . Law—the rule—must be enforced—the exact

In another aspect, the accumulated experience shows that where the delinquent comes from a higher social sphere, which is not from where the bulk of defendants comes, ordinarily there is no waiver of the jury.

Obviously, the trial by the judge is simpler, saves time, less elaborate, and the work of the attorneys in court requires less tension.

In view of the explosion of judicial matters, notable and critical in the criminal sphere, the volume of work of counsel for the defense and prosecuting attorneys may create the tendency or inclination towards the simpler and less exacting in time and work proceeding, in exchange for which perhaps there may be mutual concessions. Here the active and watchful action of the judge must enter for the protection of a constitutional right which belongs to the citizen on trial, not to his attorney, nor to the convenience or needs of the system.

This active and watchful intervention of the judge is more indispensable when one bears in mind that the bulk of defendants comes from the social stratum most unprepared and less conscious of their constitutional rights, and therefore, less prepared to waive intelligently such rights.

---

terms of the rule, justice or no justice. . . . Now this is where the jury comes in. The jury, in the privacy of its retirement, adjusts the general rule of law to the justice of the particular case. Thus the odium of inflexible rules of law is avoided, and popular satisfaction is preserved. . . . That is what jury trial does. It supplies that flexibility of legal rules which is essential to justice and popular contentment. And that flexibility could never be given by judge trial. The judge . . . must write out his opinion, declaring the law and the findings of fact. He cannot in this public record deviate one jot from those requirements. The jury, and the secrecy of the jury room, are the indispensable elements in popular justice."